UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2005 APR 18 P 1: 01

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES OF AMERICA,          :
    Plaintiff

    v.                                 : CRIM NO. 3:03CR00092 (JCH)

TIMOTHY COMEMAN,                   :
    Defendant

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Much has happened since defendant filed his initial memorandum in mitigation of sentencing almost 7 months ago. First, the U.S. Supreme Court issued its long awaited decision in U.S. v. Booker, 125 S. CT 738 (2005). Second, the Government has filed a letter pursuant to § 5-K of the Federal Sentencing Guidelines, specifically recognizing defendant's "substantial assistance in the investigation or prosecution of another person;' and third, defendant has demonstrated for nearly a year his ability to live within the law as the head of a complete family unit. These factors, taken together, indicate that a non-guidelines sentence is a reasonable disposition in this matter.

I.    The Impact of Booker/Fanfan

The district judge in sentencing is required "to impose a sentence sufficient, but not greater than necessary," to comply with the following criteria set forth in 18 U.S.C. §3553 (a):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. Booker, supra at 770.

In addition to the above factors, a sentencing judge is also required to consider the Federal Sentencing Guidelines. See 18 U.S.C. §3553 (a)(4) U.S. v. Crosby, 397 F.3rd 103 (2d. Cir. 2005)

In this matter, defendant's guideline range as calculated by the Probation Office is 262-327 months' imprisonment, the severity of the sentence being determined by defendant's criminal History, which is Category VI. Fortunately for defendant, however, the remedial portion of Booker/Fanfan held that the Court was not required to impose a sentence within the Guideline range, which in this case is not reflective

of the offense, defendant's involvement in that offense, or the person who stands before the Court today.

Defendant has previously argued to the Court that the career offender guidelines are excessive in light of his prior record and that they overstate his criminal history. U.S. v. Mishoe, 241 F.3rd 214 (2d. Cir. 2001):

A downward departure pursuant to Mishoe, and Guidelines §4A1.3, or a non-guidelines sentence — defendant will take either one – is especially appropriate where, as here, defendant has earned a letter pursuant to §5 –K and has shown a capacity to live and work in the community as a law abiding citizen. Post offense rehabilitation may, by itself, be grounds for departure when defendant has admitted his guilt and has taken significant steps toward rehabilitation in the period since the offense. See U.S. v. Core 125 F.3d 74 (2d Cir.1997), reversing district judge's refusal to consider post conviction rehabilitation as a basis for downward departure and stressing the importance of considering the defendant as he appears before the Court at time of sentencing.

In U.S. v. Carvajal, 2005 WL 476125 (S.D.N.Y. 2005), Judge Hellerstein was confronted with a post Booker sentencing issue involving a career offender. In rejecting the Government's claim for a substantial period of incarceration pursuant to Guidelines, the Court stated the following in imposing a much more lenient sentence:

"Rehabilitation is also a goal of punishment. 18 U.S.C. §3553 (a)(2)(D). That goal cannot be served if a defendant can look forward to nothing but imprisonment. Hope is the necessary condition of mankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment." Carvajal, supra at 5.

Defendant submits that these words apply with equal force to his case and that his sentence should reflect the factors outlined above.

Dated April 15, 2005

Stamford, Connecticut

Respectfully submitted,

By: _____
Peter L. Truebner
100 Prospect Street, S. Tower
Stamford, CT 06901
(203) 323-4540
Attorney for Defendant

CERTIFICATION

This is to certify that a copy of the foregoing Sentencing Memorandum was sent by fax and U.S. mail on April 15, 2005 to Michael J. Gustafson, Esq,, Assistant U.S. Attorney, U.S. Attorney's Office, P.O. Box 1824, New Haven, CT 06508.

_____
Peter L. Truebner